# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

EUGENIA M. HOUSTON,

    **Plaintiff,**

v.

UNIFIED GOVERNMENT OF WYANDOTTE COUNTY, ET AL.,

    **Defendants.**

Case No. 18-CV-2549-JAR-TJJ

## ORDER OF DISMISSAL

Plaintiff Eugenia M. Houston brings this action *pro se* and *in forma pauperis*, alleging civil rights violations against the Unified Government of Wyandotte County, the Kansas City, Kansas Fire Department, and the Kansas City, Kansas Police Department.[1] Plaintiff sought leave to proceed *in forma pauperis* (Doc. 3), which Magistrate Judge Teresa J. James granted on October 23, 2018, pursuant to 28 U.S.C. § 1915(a)(1). As a result, her Amended Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the case if it fails to state a claim upon which relief may be granted. In her order granting Plaintiff's leave to proceed *in forma pauperis* (Doc. 5), Magistrate Judge James ordered Plaintiff to show cause in writing by November 2, 2018, as to why this action should not be dismissed for failure to state a claim upon which relief can be granted. The Court has withheld service of process pending § 1915 review following receipt of Plaintiff's response, if any, to the order to show cause. Plaintiff has not responded to the order to show cause, and the time to do so has expired.

---

[1] On October 18, 2018, Plaintiff filed an Amended Complaint (Doc. 4), which adds a one-page attachment containing more details about her factual allegations.

The Court has reviewed Magistrate Judge James's analysis of the issues and agrees with her that Plaintiff's Amended Complaint should be dismissed. Liberally construing Plaintiff's pleadings in accordance with the *pro se* standard,[2] Plaintiff fails to provide a "short and plain statement of the claim showing that the pleader is entitled to relief."[3] Plaintiff does not allege facts sufficient to show how her civil rights were violated and does not articulate what protected right Defendants allegedly violated. Plaintiff was provided an opportunity to show good cause why her claims against Defendants should not be dismissed and has failed to do so. For substantially the same reasons identified by Judge James in her order to show cause, Plaintiff's claims are dismissed for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

Further, to the extent that Plaintiff's federal civil rights claims are dismissed, there is no independent basis for subject matter jurisdiction over any of Plaintiff's state law claims that may remain. Pursuant to the Federal Rules of Civil Procedure, "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."[4] If a court determines it lack subject matter jurisdiction, it must dismiss the case regardless of the stage of the proceedings."[5] Although in her Amended Complaint Plaintiff asserts diversity jurisdiction over her claims, diversity jurisdiction is not present because she also alleges that the parties are all citizens of Kansas.[6] Plaintiff asserts she is a citizen of the State of Kansas and Defendants are

---

[2] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] Fed. R. Civ. P. 8(a)(2).

[4] Fed. R. Civ. P. 12(h)(3).

[5] *Tuck v. United Servs. Auto Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).

[6] *See* 28 U.S.C. § 1332(a)(2).

also considered Kansas citizens for federal diversity purposes.[7] Moreover, the Court declines to exercise supplemental jurisdiction over any potential state law claims Plaintiff intended to raise in her Complaint. Therefore, the Court also has a basis for dismissing Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed in its entirety without prejudice**.

**IT IS SO ORDERED.**

Dated: November 9, 2018

                                                  S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                CHIEF UNITED STATES DISTRICT JUDGE

---

[7] *Western Univ. Ass'n, Inc. v. City of Kansas City, Kan.*, No. 93-2444-GTV, 1994 WL 171394, at *3 (D. Kan. Apr. 8, 1994) ("The City of Kansas City is a political subdivision of the state of Kansas and as such is considered a Kansas citizen for federal diversity purposes.") (citation omitted).